EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **GREGORY YOUNG** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:16-CV-00235** |
| | § | |
| **TRAVELERS PERSONAL SECURITY** | § | |
| **INSURANCE COMPANY AND** | § | |
| **ROBERT FINLEY** | § | |

**DEFENDANT'S NOTICE OF REMOVAL
EXHIBIT C: COPIES OF PLEADINGS ASSERTING
<u>CAUSES OF ACTION AND ALL ANSWERS TO SUCH PLEADINGS</u>**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Travelers Personal Security Insurance Company, a defendant in the above entitled and numbered cause, and files copies of all pleadings asserting causes of action and all answers to such pleadings as required by Local Rule 81.2.



**CORPORATION SERVICE COMPANY®**

**A3M / ALL**
**Transmittal Number: 14618088**
**Date Processed: 12/28/2015**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Pamela Beyer<br>The Travelers Companies, Inc.<br>385 Washington Street,  MC 515A<br>Saint Paul, MN 55102 |

| | |
|---|---|
| **Entity:** | Travelers Personal Security Insurance Company<br>Entity ID Number  2339205 |
| **Entity Served:** | Travelers Personal Security Insurance Company |
| **Title of Action:** | Gregory Young vs. Travelers Personal Security Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Fort Bend County District Court, Texas |
| **Case/Reference No:** | 15-DCV-228368 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 12/28/2015 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Daniel Patrick Barton<br>713-227-4747 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK

THE STATE OF TEXAS

CITATION

TO:   TRAVELERS PERSONAL SECURITY INSURANCE COMPANY
      REGISTERED AGENT FOR SERVICE CORPORATION SERVICE COMPANY
      211 EAST 7TH STREET SUITE 620
      AUSTIN TX  78701

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and ; **PLAINTIFF'S ORIGINAL PETITION** filed on ; **December 08, 2015,** a default judgment may be taken against you.  Said answer may be filed by mailing same to: District Clerk's Office, 301 Jackson, Richmond, Texas 77469, or by bringing it to the office.  Our street address is 1422 Eugene Heimann Circle, Richmond, Texas 77469.  We are located on the first floor of the Courthouse building.

The case is presently pending before the **268TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas, and was filed **on December 08, 2015.** It bears cause number **15-DCV-228368** and is styled:

**GREGORY YOUNG V. TRAVELERS PERSONAL SECURITY INSURANCE COMPANY AND ROBERT FINLEY**

The name and address of the attorney for **PLAINTIFF** is:

**DANIEL PATRICK BARTON
BARTON LAW FIRM
1201 SHEPHERD DRIVE
HOUSTON TX  77007
713-227-4747**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the ; **PLAINTIFF'S ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 9th day of December, 2015.**

**DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas**

By: _____
**Deputy District Clerk LESLIE MELGAR
Telephone: (281) 633-7634**

**SERVICE**

15-DCV-228368                                    **268th Judicial District Court**
**Gregory Young V. Travelers Personal Security Insurance Company and Robert Finley**

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock ____M.

Executed at _____, within the County of __

_____, at _____o'clock ___M* on the _____ day of _

_____, 20__, by delivering to the within named _____

_____, in person, a true copy of this citation together with

the accompanying copy of the petition, having first attached such copy of such petition to such copy of

citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ___ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                        (First, Middle, Last)

my date of birth is_____, and my address is _____
                                                                                              (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**SERVICE**

Filed
12/8/2015 6:01:20 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Nereyda Flores

COPY

CAUSE NO. **15-DCV-228368**

| | | |
|---|---|---|
| GREGORY YOUNG | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| V. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| TRAVELERS PERSONAL SECURITY | § | |
| INSURANCE COMPANY AND | § | Fort Bend County - 268th Judicial District Court |
| ROBERT FINLEY | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Gregory Young, hereinafter referred to as Plaintiff, complaining of Travelers Personal Security Insurance Company ("Travelers") and Robert Finley ("Finley") (hereinafter collectively referred to as Defendants) and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.    Plaintiff is a resident of Fort Bend County, Texas.

3.    Defendant, Travelers is a foreign company engaging in the business of insurance in the State of Texas. This Defendant may be served with process by serving its registered

agent for service:  Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218. Plaintiff requests service at this time.

4.      Defendant Finley is an individual residing in Harris County, Texas and may be served with process at the following address: 13311 Oak Plaza, Cypress, Texas 77429.

## JURISDICTION

5.      Plaintiff stipulates that the damages in this matter are between $100,000 and $200,000, excluding interest and costs, and that the damages are within the jurisdictional limits of the court.  Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes this required stipulation under TRCP 47.

6.      The court has jurisdiction over Defendant Travelers because this Defendant is an insurance company that engages in the business of insurance in the State of Texas and' causes of action arise out of this Defendant's business activities in the State of Texas.

7.      The court has jurisdiction over Defendant Finley because this Defendant engages in the business of adjusting insurance claims in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

## VENUE

8.      Venue is proper in Fort Bend County, Texas, because the insured's property is situated in Fort Bend County, Texas. TEX.CIV.PRAC.REM.CODE§15.032.

## FACTS

9.      Plaintiff is the owner of a Texas Homeowners' insurance policy (hereinafter referred to as "the Policy"), which was issued by Defendant Travelers Personal Security Insurance Company.  Plaintiff owns the insured property, which is specifically located at 619 Johnson Ln., Sugar Land, Texas 77479 (hereinafter referred to as "the Property").

10.     Defendant Travelers sold the Policy insuring the Property to Plaintiff.

11.     On or about May 25, 2015, Plaintiff experienced a storm event which caused damage to the Property and constituted a covered loss under the Policy issued by Defendant Travelers. Plaintiff subsequently opened a claim and Defendant Travelers assigned Defendant Finley to adjust the claim. Defendant Travelers wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the loss.

12.     Defendant Finley made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Specifically, Defendant Finley failed to conduct a reasonable investigation and did not have adequate evidence to support the underpayment of Plaintiff's claim at the time it was inadequately paid. As a result of Defendant Finley's conduct, Plaintiff's claim was underpaid.

13.     Defendant Travelers failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policies in effect during Plaintiff's loss. Specifically, Defendant refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been carried out and accomplished by Plaintiff. Defendant Travelers conduct constitutes a breach of the insurance contract between Defendant Travelers and Plaintiff.

14.     Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(1).

15.    Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(2)(a).

16.    Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.   Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX.INS.CODE §541.060(a)(3).

17.    Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(4).

18.    Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's loss on the Property. Defendants' conduct

constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(7).

19.    Defendant Travelers failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant Travelers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.055.

20.    Defendant Travelers failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Travelers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.056.

21.    Defendant Travelers failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant Travelers has delayed full payment of Plaintiff's claim longer than allowed and, to date Plaintiff has not yet received full payment for their claim. Defendant Travelers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §541.058.

22.    From and after the time Plaintiff's claim was presented to Defendant Travelers, the liability of Defendant Travelers to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Travelers has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company

would have relied on to deny the full payment. Defendant Travelers' conduct constitutes a breach of the common law duty of good faith and fair dealing.

23.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

24.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing them with respect to these causes of action.

25.     Plaintiff's experience regarding their claim with Defendant Travelers is not an isolated case. The acts and omissions Defendant State Farm committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant Travelers with regard to handling these types of claims. Defendant Travelers' entire process is unfairly designed to reach favorable outcomes for the insurance companies at the expense of the policyholders.

## CAUSES OF ACTION

### CAUSES OF ACTION AGAINST DEFENDANT FINLEY

#### TEXAS INSURANCE CODE VIOLATIONS

26.     Defendant Finley's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

27.     Defendant Finley is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Defendant Travelers, because individually, he meets the definition of a "person" as defined by TEX.INS.CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or

interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX.INS.CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

28.     Defendant Finley's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

29.     Defendant Finley's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

30.     The unfair settlement practice of Defendant Finley as described above, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

31.     Defendant Finley's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a

reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

32. Defendant Finley's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

**FRAUD**

33. Defendant Finley is liable to Plaintiff for common law fraud.

34. Each and every one of the representations, as described above, concerned material facts for the reason Plaintiff would not have acted and which Defendant Finley knew were false or made recklessly without any knowledge of their truth as a positive assertion.

35. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury, which constitutes common law fraud.

**CAUSES OF ACTION AGAINST DEFENDANT TRAVELERS**

36. Defendant Travelers is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

**BREACH OF CONTRACT**

37. Defendant Travelers' conduct constitutes a breach of the insurance contract made between Defendant Travelers and Plaintiff.

38.     Defendant Travelers' failure and refusal, as described above, to pay the adequate compensation it is obligated to pay under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant Travelers' insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

39.     Defendant Travelers' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

40.     Defendant Travelers' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

41.     Defendant Travelers' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Travelers' liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

42.     Defendant Travelers' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

43.     Defendant Travelers' unfair settlement practice, as described above, of failing within a
        reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a
        reservation of rights to Plaintiff, constitutes an unfair method of competition and an
        unfair and deceptive act or practice in the business of insurance.    TEX.INS.CODE
        §541.060(4).

44.     Defendant Travelers' unfair settlement practice, as described above, of refusing to pay
        Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair
        method of competition and an unfair and deceptive act or practice in the business of
        insurance.  TEX.INS.CODE §541.060(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

45.     Defendant Travelers' conduct constitutes multiple violations of the Texas Insurance
        Code, Prompt Payment of Claims.   All violations made under this article are made
        actionable by TEX.INS.CODE §542.060.

46.     Defendant Travelers' failure to acknowledge receipt of Plaintiff's claim, commence
        investigation of the claim, and request from Plaintiff all items, statements, and forms that
        they reasonably believed would be required within the applicable time constraints, as
        described above, constitutes a non-prompt payment of claims and a violation of the
        TEX.INS.CODE §541.055.

47.     Defendant Travelers' failure to notify Plaintiff in writing of its acceptance or rejection of
        the claim within the applicable time constraints, constitutes a non-prompt payment of the
        claims within the applicable time constraints and a violation of the TEX.INS.CODE
        §541.056.

48.    Defendant Travelers' delay of the payment of Plaintiff's claim following its receipt of all
       items, statements, and forms reasonably requested and required, for longer than the
       amount of time provided for, as described above, constitutes a non-prompt payment of
       the claims. TEX.INS.CODE §541.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

49.    Defendant Travelers' conduct constitutes a breach of the common law duty of good faith
       and fair dealing owed to insured in insurance contracts.

50.    Defendant Travelers' failure, as described above, to adequately and reasonably
       investigate and evaluate Plaintiff's claim, although, at that time, Defendant Travelers
       knew or should have known by the exercise of reasonable diligence that its liability was
       reasonable clear, constitutes a breach of the duty of good faith and fair dealing.

## FRAUD

51.    Defendant Travelers is liable to Plaintiff for common law fraud.

52.    Each and every one of the representations, as described above, concerned material facts
       for the reason Plaintiff would not have acted and which Travelers knew were false or
       made recklessly without any knowledge of their truth as a positive assertion.

53.    The statements were made with the intention that they should be acted upon by Plaintiff,
       who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer
       injury, which constitutes common law fraud.

## KNOWLEDGE

54.    Each of the acts described above, together and singularly, was done "knowingly" as that
       term is used in the Texas Insurance Code and was a producing cause of Plaintiff's
       damages described herein.

## DAMAGES

55.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

56.     For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of their claim, together with attorney fees.

57.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times their actual damages. TEX.INS.CODE §541.152.

58.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum of the amount of their claim as damages, together with attorney's fees. TEX.INS.CODE §542.060.

59.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

60.     For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorney's fees, interest and court costs.

61.     For the prosecution and collection of these claims, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore,

Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

62.    Plaintiff hereby request that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Fort Bend County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## REQUEST FOR DISCLOSURE

63.    Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, statutory penalties and interest, and for any other and further relief, either at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

By: ___*/s/ Daniel P. Barton*_____
       DANIEL P. BARTON
       State Bar No.: 00789774
       WAYNE D. COLLINS
       State Bar No.: 00796384
       1201 Shepherd Drive
       Houston, Texas 77007
       (713) 227-4747- Telephone
       (713) 621-5900- Telecopier
       dbarton@bartonlawgroup.com
       wcollins@bartonlawgroup.com

       **ATTORNEYS FOR PLAINTIFF**

**Proactive Legal Solutions**
**440 Benmar Drive, Suite 1290**
**Houston, Tx 77060**



CERTIFIED MAIL

7014 2870 0000 8239 1260

stamps
$8.79 0
US POSTAGE
FIRST-CLASS
062S0007579052
77060

B86450.07

Travelers Personal Security Insurance Company
Corporation service Company
211 East 7th street, suite 620
Austin, Tx. 79701

Filed
1/18/2016 1:18:47 PM
**Annie Rebecca Elliott**
District Clerk
Fort Bend County, Texas
Vanessa Vasquez

## CAUSE NO.  15-DCV-228368

| | | |
|---|---|---|
| GREGORY YOUNG | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| TRAVELERS PERSONAL SECURITY | § | |
| INSURANCE COMPANY AND | § | |
| ROBERT FINLEY | § | 268TH COUNTY, TEXAS |

## <u>DEFENDANTS' ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Travelers Personal Security Insurance Company and Robert Finley, the defendants in the above entitled and numbered cause, and files this their original answer to the plaintiff's original petition on file herein, and in support thereof would respectfully show the Court as follows:

I.

The defendants hereby generally deny the allegations contained in the plaintiff's petition on file herein pursuant to Rule 92 of the Texas Rules of Civil Procedure, and thus assert their privilege of insisting that such allegations be proven by a preponderance of credible evidence.

II.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, the defendants notify all parties to this lawsuit of the defendants' intent to introduce as evidence at any pretrial proceeding or at trial any document produced by any party in discovery in this lawsuit.

III.

The defendants specifically reserve the right to amend their answer to plead any affirmative defenses or other matters that must be specially pled and to assert any counterclaims or third-party claims they may have after discovery in this case is complete.

WHEREFORE, PREMISES CONSIDERED, the defendants, Travelers Personal Security Insurance Company and Robert Finley, move and pray the Court that upon trial hereof, the plaintiff recover nothing, and that the defendants go hence with their costs, and for such other and further relief, both general and special, legal and equitable, to which defendants may show themselves justly entitled to receive.

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile

/s/ Greg C. Wilkins
Greg C. Wilkins
State Bar No. 00797669
gcw@obt.com
Warren B. Wise
State Bar No. 24093437
wwise@obt.com

ATTORNEYS FOR DEFENDANTS, TRAVELERS PERSONAL SECURITY INSURANCE COMPANY AND ROBERT FINLEY

2

## **CERTIFICATE OF SERVICE**

I do hereby certify that on the 18th day of January, 2016, I electronically filed the foregoing with the Montgomery County District Clerk via eFile Texas which will send notification of such filing to each counsel of record.

/s/ Greg C. Wilkins
Greg C. Wilkins