United States District Court
Southern District of Texas

**ENTERED**

August 10, 2016

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREGORY YOUNG, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-235 |
| | § | |
| TRAVELERS PERSONAL SECURITY | § | |
| INSURANCE COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION

Before the Court are Plaintiff's Motion to Remand (Document No. 6) and Defendant Travelers Personal Security Insurance Company's ("Defendant Travelers") Response thereto (Document No. 7). Having considered these filings and the applicable law, the Court concludes Plaintiff's Motion to Remand (Document No. 6) should be denied.

**Background**

This case arises from a claim made by Gregory Young ("Plaintiff") on an insurance policy. The Plaintiff originally filed suit in the 268th Judicial District Court of Fort Bend County, Texas. Defendant Travelers removed the case to federal district court on the basis of diversity jurisdiction. (Document No. 7 at 1).

Plaintiff is the owner of a Texas Homeowners' Insurance Policy (the "Policy"), which was issued by Travelers Personal Security Insurance Company. Plaintiff owns the insured property, which is specifically located at 619 Johnson Ln., Sugar Land, Texas 77479. (Document No. 1-3 at 7). On or about May 25, 2015, Plaintiff experienced a storm event, which gave rise to a claim for loss under the Policy issued by Defendant Travelers. (Document No. 1-3 at 8). Plaintiff filed suit in state court against Defendant Travelers and Robert Finley ("Defendant

Finley"). *Id.* at 6. It is undisputed that Defendant Finley is an insurance adjuster, who was assigned to process the claim. (Document No. 7 at 1). It is also undisputed that Defendant Finley resides in Harris County, Texas. (Document No. 1-3 at 7). Plaintiff is a citizen of Texas (Document No. 6 at 1), while Defendant Travelers is a citizen of Connecticut (Document No. 7 at 2).

Unhappy with the dissolution of his claim on the Policy, Plaintiff filed suit against Defendants Travelers and Finley alleging violations of the Texas Insurance Code, common law fraud, breach of contract, and breach of the duty of good faith and fair dealing. The majority of the allegations by the Plaintiff are directed at Defendant Travelers. Plaintiff's allegations relevant to Defendant Finley include:

> 12.    Defendant Finley made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff . . . As a result of Defendant Finley's conduct, Plaintiff's claim was underpaid.

> 14.    Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy . . . Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(1).

> 15.    Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(2)(a).

> 16. . . . Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. . . . Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(3).

> 18. . . . Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's claim . . . Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(7).

23.    Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

(Document No. 1-3 at 8–11). Defendant Finley is also mentioned in paragraphs 28–32 and paragraph 34 of Plaintiff's State Court Petition. *Id.* at 12–13. Factual allegations in those paragraphs refer to previous paragraphs by stating, "as described above." *Id.*

Plaintiff has moved to remand this case to state court. Plaintiff contends Defendant Finley is a properly joined defendant, who is a citizen of Texas, and thus this Court lacks subject matter jurisdiction. Defendant Travelers contends that Defendant Finley's citizenship is irrelevant because of improper joinder.

**Standard of Review**

Under 28 U.S.C. § 1441(a), any state court action over which federal courts would have original jurisdiction may be removed from state to federal court. Under § 1441(b)(2), where original federal jurisdiction would be based on diversity of citizenship, a defendant may remove such an action only if none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Thus, a civil action may be removed to a federal court on the basis of diversity. However, "[t]he only caveat is that, when a properly joined defendant is a resident of the same state as the plaintiff, removal is improper." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, No. 14-20552, 2016 WL 1274030, at *3 (5th Cir. Mar. 31, 2016) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*)). If a non-diverse defendant is improperly joined, the citizenship of that party is disregarded in determining the court's subject matter jurisdiction, and therefore cannot destroy complete diversity. *Smallwood*, 385 F.3d at 572.

"A defendant is improperly joined if the moving party establishes that (1) the plaintiff has

stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is nondiverse." *Int'l Energy Ventures Mgmt.*, 2016 WL 1274030, at *3 (citing *Smallwood*, 385 F.3d at 573).

With regards to the failure to state a claim against a non-diverse defendant, "[t]he test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. at *7. As the Fifth Circuit recently clarified, the court should conduct a Rule 12(b)(6)–type analysis when determining, in the context of improper joinder, whether a plaintiff has stated a valid claim against a non-diverse defendant. *Id.* at *6.

When conducting a Rule 12(b)(6)–type analysis, the federal pleading standards must be applied. *Id.*[1] In doing so, the court looks initially at the allegations in the pleadings to determine whether a claim under state law exists against the non-diverse defendant. *Smallwood*, 385 F.3d at 573. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. *Id*. The court may also "pierce the pleadings and conduct a summary inquiry" in its discretion, where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Id*.

Under a Rule 12(b)(6)–type analysis, dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A

---

[1] "The *Smallwood* opinion instructs us to apply the Rule 12(b)(6)–type analysis, which must mean the entirety of that analysis. Because that analysis is inseparable from the federal pleading standard, this is an instruction to apply the federal pleading standard." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, No. 14-20552, 2016 WL 1274030, at *6 (5th Cir. Mar. 31, 2016) (holding that lower state pleading standards are not applicable when deciding the federal subject matter jurisdiction on the basis of diversity) (citations omitted).

claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plausibility standard is not akin to a "probability requirement," but asks for more than a "possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id*. at 544.

"[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between Plaintiffs' allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyd's*, 181 F.3d 644, 647 (5th Cir. 1999). In conducting this analysis, the district court must resolve all contested fact issues and ambiguities of state law in favor of the plaintiff and remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007). The removal statute is to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand. *Id.*

**Discussion**

Neither party disputes that Defendant Finley is a citizen of Texas. (Document No. 1-3 at 7). Therefore the dispositive issue is whether Defendant Finley has been properly joined, i.e. whether the Plaintiff has stated a valid claim against him under state law. *See Int'l Energy Ventures Mgmt.,* 2016 WL 1274030, at *3 (citing *Smallwood*, 385 F.3d at 573). If Plaintiff has stated a valid claim against Defendant Finley, his citizenship must be taken into account, and this

case must be remanded to state court. If not, Defendant Finley was improperly joined and his citizenship can be disregarded for the purposes of determining jurisdiction.

Plaintiff argues (1) there is a valid cause of action against Defendant Finley under state law and (2) the facts alleged in Plaintiff's Original Petition (Document No. 1-3 at 6–19) are sufficient to establish a cause of action against Defendant Finley. Plaintiff went into a lengthy discussion of whether or not an adjuster can be held liable under the Texas Insurance Code, but as this Court has noted before, "[t]here is no dispute . . . that in addition to an insurer, as a matter of law an adjuster may be found liable in his individual capacity for deceptive or misleading acts in violation of the Texas Insurance Code . . . ." *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, No. H-10-1846, 2011 WL 240335, at *11 (S.D. Tex. Jan. 20, 2011) (citing *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 546 (Tex. 1998)); *Griggs*, 181 F.3d at 701. Defendant Travelers does not contend that an adjuster cannot be held liable under the Texas Insurance Code, but instead contends that the Plaintiff failed to make enough factual allegations to satisfy a rule 12(b)(6)–type analysis.

**Court's Opinion**

Plaintiff contends multiple allegations in the Plaintiff's Original Complaint (Document No. 1-3) are factually sufficient to support a cause of action against Defendant Finley. The relevant portions of the Plaintiff's Original Complaint state:

> Defendant Finley made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by the Plaintiff. . . As a result of Defendant Finley's conduct, Plaintiff's claim was underpaid.

> Defendant Finley's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. . . .

> Defendant Finley is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Defendant Travelers. . .

> Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

(Document No. 1-3 at 8–11). These statements are conclusory and lack the specificity necessary to state a claim. The statements are nothing more than a formulaic recital of the statutory elements.[2] With regard to the common law fraud claim, Plaintiff merely points to the same conclusory allegations by referring to the same actions "as described above." *See id*. at 13. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 556 U.S. at 663.

This case is similar to *Dalton v. State Farm Lloyd's, Inc*. *See* No. CIV.A. H-12-3004, 2013 WL 3157532 at *1 (S.D. Tex. June, 19, 2013). In *Dalton*, the factual allegations made by the plaintiff against an insurance adjuster were of "insufficient investigation and undervaluing the claim." *Id*. at *6. Additionally, the plaintiff identified no specific misrepresentations by the adjuster. *Id*. In holding there were not sufficient facts to state a cause of action against the adjuster, the court noted "the claims against the adjuster are identical to those against the insurer . . . and [ ] are insufficient to support a claim against the adjuster. *Id*. at *7.

This case is also similar to *Gardezi v. Nationwide Property and Casualty Ins. Co. See* No. 4:15-CV-01663, at *1 (S.D. Tex. Jan. 7, 2016). In *Gardezi*, the plaintiffs filed suit against both

---

[2] The relevant portions of the Tex. Ins. Code § 541.060 state:
  (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:
  (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
  (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:
  (A) a claim with respect to which the insurer's liability has become reasonably clear; [ … ]
  (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;
  (4) failing within a reasonable time to:
  (A) affirm or deny coverage of a claim to a policyholder; or
  (B) submit a reservation of rights to a policyholder; [ … ]
  (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim[.]

the insurer and the adjuster after "substantial storm damage occurred." *Id.* The plaintiffs alleged Nationwide Insurance Company "wrongfully underpaid plaintiff's claim." *Id.* Specific to the adjuster, the plaintiffs alleged, "[the adjuster] made numerous errors in estimating the value of the Plaintiff's claim*, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiffs . . .* As a result of [the adjuster's] conduct, Plaintiff's claim was underpaid." *Id.* at *2 (emphasis added). The plaintiffs in *Gardezi* also referred to the factual allegations "as described above" to allege violations of Tex. Ins. Code §§ 541.060(a), 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), 541.060(a)(7). *Id.* at *2–3. In concluding the plaintiffs failed to state a cause of action against the adjuster, the court noted the actions of the adjuster were "indistinguishable from the acts of [the insurer] and hence are insufficient to support a claim against the adjuster." *Id.* at *6 (internal quotations and citations omitted).

Like the plaintiffs in *Gardezi*, the Plaintiff alleges, "[d]efendant Finley made numerous errors in estimating the value of Plaintiff's claim, *all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff*." (Document No. 1-3 at 8) (emphasis added). Similar to *Dalton*, the Plaintiff alleges no specific misrepresentation by the adjuster, but instead refers to the allegations "as described above." *See id.* at 8–13. Such general and conclusory allegations are indistinguishable from the acts of the insurer and fail to state a cause of action against Defendant Finley. *See Gardezi*, No. 4:15-CV-01663, at *1; *Dalton*, 2013 WL 3157532, at *1.

Without a valid cause of action, there is no reasonable basis for the Court to predict that the Plaintiff might be able to recover against Defendant Finley. Without a reasonable basis, Defendant Finley was improperly joined. *See Int'l Energy Ventures Mgmt.*, 2016 WL 1274030,

at *7 (citing *Smallwood*, 385 F.3d at 573). When a defendant is improperly joined, the party must be dismissed without prejudice. *See id.* at *9 (When "[a] court determines that a nondiverse party has been improperly joined to defeat diversity, that party must be dismissed without prejudice."). Accordingly, Defendant Finley is dismissed from this action without prejudice.

There is complete diversity between the remaining parties and the amount in controversy exceeds $75,000. (*See* Document No. 7 at 2).  Therefore this Court has diversity jurisdiction.

The Court hereby

ORDERS the Defendant Finley is DISMISSED without prejudice for improper joinder and Plaintiff's Motion to Remand (Document No. 6) is DENIED.

SIGNED at Houston, Texas, this 10th day of August, 2016.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE